293 *CATHERINE M. BLOW, plaintiff in error, v. ADA C. WHITE. executrix, defendant in error.

(Atlanta, June Term, 1870.)

SCALING ORDINANCE—ADJUSTMENT OF EQUITIES—ORDINANCE NOT GIVEN IN CHARGE.—When a note was given in January, 1865, for Confederate treasury notes loaned, the jury may adjust the equities between the parties under the Ordinance of 1865, though it may not be distinctly given in charge. There is nothing in this case to distinguish it from other like cases decided by this Court.

BILL OF EXCEPTIONS—NOTE SUED ON IN SHORT FORM —NECESSITY FOR COPY IN BILL.*—Where suit on a note was brought in the short form, with a copy of the note attached to the petition: Held, It was not necessary to copy the note in the bill of exceptions; it was sufficient to refer to it as the note sued upon. (R. See end of Report.)

Scaling Ordinance. Confederate Currency. Bill of Exceptions. Before Judge Robenson. Jones Superior Court. October Term, 1869.

Blow sued Ada C. White, as executrix of Joseph C. White, upon Joseph C. White's promissory note for $4,000, made on the 5th of January, 1865, due the 1st of January, 1866, and "payable in the currency of the country when due." There was a plea of the loss of property by the war, under the Relief Act, but it was not insisted upon. She also pleaded that the consideration of the note was Confederate treasury notes loaned, and prayed that plaintiff have judgment for only the specie value of the same.

---

*BILL OF EXCEPTIONS—INSTRUMENT PART OF RECORD —NECESSITY FOR COPY IN BILL.—"In statutory complaint, the writings declared upon, copies thereof being annexed to the declaration, are a part of the pleadings and must necessarily come to this court in the transcript of the record. As to them, therefore, it is enough for the bill of exceptions to state that they were introduced in evidence. The writ of error will not be dismissed because they are not again copied, or because their contents do not appear otherwise than as the copies in the pleadings. Carey v. Giles, 10 Ga. 1; Blow v. White, 41 Ga. 293." Allen v. Young, 62 Ga. 619.

Where an application for injunction was heard upon the bill, answer and exhibits attached to each of them without other proof, they were a part of the record in the case, and there was no necessity to copy them in the bill of exceptions. Jordan v. Gaulden, 73 Ga. 191, citing Carey v. Giles, 10 Ga. 1; Allen v. Young, 62 Ga. 617; Blow v. White, 41 Ga. 293.

On the trial, the only evidence besides the note was as follows: It was shown that a party proposed to loan plaintiff certain Confederate money without interest, and White having applied to plaintiff to borrow some, plaintiff took it from this third party and offered to loan it to White. White agreed to take it, but when the note sued on was presented he declined signing it and would not receive the currency. He went away, but subsequently came back to·plaintiff, said he was ready to take the currency, got it and signed said note, and also gave a separate note for interest on the sum loaned, $4,000 00. This currency, when White got it, was of very little value, it required sixty dollars of it to buy one of specie. The charge of the Court does not appear in the record. *It is only stated that he charged the jury "substantially that they must carry out the intention of the parties to the note and find accordingly." Their verdict was for $66 66 "in gold, or its equivalent in greenbacks." Plaintiff's counsel moved for a new trial, upon the grounds that said verdict was strongly against the weight of evidence and contrary to law; "because the Court omitted to charge the jury as the nature of the case required, that in arriving at the intention of the parties, they must be guided by the terms of the contract, and could not conjecture an intention at variance with those terms." A new trial was refused, and that is assigned as error on said grounds.

(The only description of the note in the bill of exceptions is that the "plaintiff read in evidence the note sued upon." The defendant's counsel here moved to dismiss the bill of exceptions upon the ground that the note was not embodied in the same by copy or other description identifying it. By reference to the record the Court saw that the suit was in the short form ("Jack Jones' form") and that the note was there copied literally. And upon this the motion to dismiss was overruled.)

James H. Blount, Junius Wingfield, for plaintiff in error.
W. A. Lofton, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

We can not say that the Judge on the trial of this case gave the Ordinance of 1865 in charge to the jury as distinctly as it should have been done. But we hold that the defendant was the party who had a right to complain. As the jury found the specie value of the Confederate notes at the time of the loan, we think substantial justice has been done.

If the charge is wrong, and the verdict clearly right, we will not grant a new trial because the jury did not find in conformity to the charge.

Judgment affirmed.