## McNEIL v. McNEIL.

1. The petition states a cause of action, as against the general demurrer.
2. It is unnecessary to pass upon the demurrer to the part of the petition setting forth the character and amount of the damages claimed, and to the prayer for their recovery, inasmuch as no damages were awarded by the verdict.
3. When the verdict in the present case is read and construed in the light of the pleadings, it is not so indefinite as to be void for uncertainty; and the motion in arrest of the judgment was properly overruled.
4. There was sufficient evidence to support the verdict, and the motion for a new trial does not show the commission of errors requiring that the motion be granted.

                    MAY 17, 1917.

Equitable petition. Before Judge Littlejohn. Sumter superior court. January 11, 1916.

Mrs. Anjanette McNeil brought her petition against R. D. McNeil, in which she prayed that a certain indicated line be decreed to be the true line between certain lands of petitioner and lands of the defendant; that defendant be enjoined from interfering with petitioner's possession of the land up to the line referred to, and for other equitable relief. The defendant filed demurrers, general and special, which were overruled. The jury found in favor of the plaintiff, returning the following verdict: "We the jury find for the plaintiff, Mrs. Anjanette McNeil, that the line as indicated, which runs eight feet north of row of trees and cut by the said R. D. McNeil and marked by the large rock as placed there by the petitioner's husband, to be decreed to be set up and established as a true dividing line of the twelve-acre tract of said R. D. McNeil and the lands of petitioner, and that the defendant to be enjoined from any further interference." The defendant moved in arrest of the judgment, on the ground that the verdict was too indefinite to be the basis of a decree. This motion the court overruled. Also a motion for a new trial was overruled, and the defendant excepted.

C. R. Winchester and Wallis & Fort, for plaintiff in error.
Shipp & Sheppard, contra.

BECK, J. (After stating the foregoing facts.)

1, 2. The rulings made in headnotes 1 and 2 require no elaboration.

3. In the petition it is alleged, in setting forth a description

of the line which the petitioner claims to be the true line between her land and that of the defendant, that "the dividing line on the south side of said twelve-acre tract and petitioner's part of lot 371 [this lot 371 is in the 29th district of said County of Sumter] was run a number of years ago by the husband of petitioner and the said R. D. McNeil, and the line was plainly indicated by a large stone placed by the husband of petitioner at the southeast corner of said twelve-acre tract, the same indicating the south and east line of said twelve-acre tract and the north and west line of petitioner's part of the northern half of said lot of land. Petitioner shows that her dwelling is located on the said 371 acres close to the twelve-acre tract of the said R. D. McNeil, and the grove surrounding petitioner's house and in front of same runs up to the line of the twelve-acre tract. Petitioner shows that there was a line of shade-trees on petitioner's land running east and west along the northern line of petitioner's property opposite the south end of said twelve-acre tract." When these allegations are construed in connection with the description of the line found by the jury to be the true dividing line, the verdict is rendered sufficiently definite to be made the basis of a decree establishing the line.

When, in a suit for land, or in a suit to establish and have decreed a certain line to be the true line between the adjacent owners, as in the present case, the verdict rendered does not in itself contain a complete description of the property or of the line in controversy, but the pleadings do contain such a description, the verdict may be aided by the pleadings; or, in other words, it may be read and construed in connection with the pleadings; and if, when thus read and construed, it is definite, that is sufficient. *Nicholls* v. *Powell,* 80 *Ga.* 604 (6 S. E. 21) ; *Grace* v. *Martin,* 83 *Ga.* 245 (9 S. E. 841) ; *Crow* v. *Crow,* 134 *Ga.* 10 (67 S. E. 400).

4. There was sufficient evidence to support the verdict, and the motion for a new trial does not show the commission of error requiring a grant of the motion.

*Judgment affirmed. All the Justices concur.*