15231, 15232.   McCollum *v.* Thomason (two cases).

Bell, J. 1. Under the Civil Code, § 3823, a landowner dissatisfied with a line run and marked by processioners and a surveyor between him and a coterminus owner may file his protest thereto, specifying his objection and the *true line* as claimed by him, and the papers, including the protest, shall be returned to the superior court for trial. The verdict and the judgment shall be framed *to meet the issue tried and decided.* The issue in such a case is not necessarily confined to the question of whether the line as marked by the processioners should be sustained, but it is permissible for the protestant to obtain a verdict setting up the true line as declared in his protest, if the evidence shall so warrant. See *Stewart* v. *Jackson,* 144 *Ga.* 501 (3) (87 S. E. 656); *Parrish* v.

*Castleberry,* 142 *Ga.* 115 (6) (82 S. E. 520); *Norman* v. *Smith,* 131 *Ga.* 69 (4), 74 (61 S. E. 1039); *Robson* v. *Shelnutt,* 122 *Ga.* 322 (50 S. E. 91); Civil Code (1910), §§ 4522, 5426.

2. In this processioning case the protestant specified his objection to the line marked by the processioners and the surveyor, and also set out what he contended was the true dividing line. No other issues were raised in the protest. The court instructed the jury as follows: (1) "Under the law, processioners with a surveyor can't make a new line, but only reestablish and remark old lines. . . If you find that the processioners made a line where there has been no line before, made a new line . . , that would be an end to the case, and the form of your verdict would be. . , 'We, the jury, find that the processioners made a new line,' and on that I would dismiss the whole proceedings." (2) "If you find that the processioners remarked a line that had already been made , . . then find out whether or not that is the true line. . . In that event the form of your verdict would be, 'We, the jury, find in favor of the line established by the processioners.'" (3) "If you find that the line established by the processioners is not the true line, but that the line claimed by protestant . . is the true line, then your finding would be, 'We, the jury, find in favor of the line claimed by the protestant as the correct line.'" The jury found a verdict "in favor of the protestant." *Held:* Verdicts are to be upheld if capable of legal intendment. They will be construed in the light of the pleadings, the issue made by the evidence, and *the charge of the court. Tifton &c. Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (2), 193 (60 S. E. 1087); *Barbour* v. *State,* 8 *Ga. App.* 27 (68 S. E. 458); *McNeil* v. *McNeil,* 147 *Ga.* 25 (3) (92 S. E. 644). Applying this ruling, the verdict in this case was properly construed by the trial judge as a finding in favor of the line alleged in the protest to be the true line, and it was not improper for the judge thereupon to enter a judgment or decree accordingly, provided the alleged true line was sufficiently definite.

3. Where in a processioning case the return of the processioners, with the plat made by the surveyor, described the line as run by them across lot of land number 180 in the 3d district of a named county, as follows: "Commencing in the center of Brasstown creek, which commencing point is evidenced by a rock corner between the lands of L. A. Thomas, G. W. McCollum, and R. C. McCollum, standing on the west bank of said Brasstown creek; thence south 76.15 west 24 rods to a plainly marked white oak tree, marked as a center tree; thence south 76.45 west 9 rods to a plainly marked white oak tree, marked as a center tree; thence south 80. west 42 rods and 15 links to a rock corner between said L. A. Thomas, Mrs. Emma Tatum, and R. C. McCollum," and where the protest to such line described the true line as one "beginning at a hickory corner on the original line between lots Nos. 179 and 180 in the 3d land district and runs thence S. 82.15, 204 rods and 30 links, straight through said lot No. 180, to a post oak conditional corner on the original line between lots Nos. 180 and 181," and alleged further "that said hickory and said post oak are and have been recognized and established as the corners for over seventy years and were so recognized by the said predecessor in title of the [coterminus owner], and this protestant has been in actual, peaceable, and uninterrupted possession

11

of said land up to said straight line for a period of over twenty-seven years, and has cultivated same uninterruptedly for that period, [and that] said processioners refused to recognize said established post oak corner, but ran their line to a point some twenty rods below same and some twenty rods down on the lands of this protestant, which is the south half of said lot No. 180," such allegation as to the "true line," when considered in connection with the return of the processioners with the plat thereto annexed, which are a part of the record, are not too vague and uncertain to authorize a verdict and decree thereon, there being extrinsic proof of the physical existence of the termini marks in accordance with the allegations. *Callaway* v. *Beauchamp,* 147 *Ga.* 17 (2) (92 S. E. 538); *McNeil* v. *McNeil,* 147 *Ga.* 25 (2) (92 S. E. 644). If the corners are established and the lines not marked, a straight line as required by the plat should be run. Civil Code (1910), § 3820. Upon ascertaining the location of either terminus as alleged in the protest, the course of the line toward the other terminus being shown, the latter could be also determined. That is certain which may be made certain. In such a case the line is sufficiently definite, where, as here, a key to the identification is shown in the record. *Price* v. *Gross,* 148 *Ga.* 137 (2) (96 S. E. 4); *Boyd* v. *Sanders,* 148 *Ga.* 839 (1) (98 S. E. 490).

4. The verdict in favor of the protestant was not void because of the absence of any prayer in the protest that the alleged true line be found and decreed to be such. If such prayer ought to have been made, the omission might have been supplied by amendment, and the defect, being such as to be cured by verdict and judgment, was not a good ground of a subsequent motion for a new trial or of a motion in arrest of judgment. Civil Code (1910), § 5960; *Fitzpatrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213); *Dinkler* v. *Baer,* 92 *Ga.* 432 (1) (17 S. E. 953); *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579).

5. The evidence in this case did not demand a finding in favor of the line as run and marked by the processioners, nor was it conclusively established that previous owners of the adjoining tracts had by agreement fixed a different line from that alleged by the protestant to be the true line. The agreement relied on, which was in writing made in 1889,— after reciting that some of the marks were about to disappear by the death and decay of the timber,—stipulated that the parties thereto "agreed . . to set up rocks in their places, the first one to be set up at the conditional corner on the east end of said line in place of a hickory, . . and the next one down near the creek in place of a post oak, running west on said line." Assuming that such agreement was sufficiently definite to be valid and that the parties to this case were in accord as to the location of the two stones referred to in the quoted stipulation as determinative of the course of the dividing line, there was evidence by a former county surveyor from which the jury were authorized to find that the line as claimed by the protestant coincided with the two points indicated. There was some evidence to support the verdict found in favor of the protestant.

6. Although it is not necessary under the law as it now exists for an owner of lands to apply to have the lines around his entire tract surveyed and marked anew in order to entitle him to the services of the processioners

and the surveyor in marking a single line between him and any adjacent owner, the applicant was not harmed in this case by the fact that the court gave in charge that portion of the Civil Code, § 3818, which refers to the application for processioning by one "who desires the lines around his entire tract to be surveyed and marked anew;" nor is it cause for a new trial that the court charged also the provisions of the same section with reference to notice to all the owners of adjoining lands. This case arose upon an application to have a single line surveyed and marked anew as the dividing line between the parties to this case. No question was raised as to the sufficiency of the notice. The jury could not have been misled by the instructions referred to into a consideration of other issues than those involved.

7. "Civil Code § 3819, which declares that when the surveyor's plat shall be certified as required, in all future disputes arising in reference to the boundary lines of the tract surveyed such plat shall be considered prima facie correct, is inapplicable to the issue before the court formed by a protest to the processioners' return. But the giving of this section in charge was not prejudicial to the losing party, because in the trial of an issue formed by a protest the return of the processioners is to be deemed prima facie correct." *Georgia Talc Co.* v. *Cohutta Talc Co.*, 140 *Ga.* 245 (4) (78 S. E. 905). Nor was the giving of this section in charge to the jury cause for a new trial upon the ground as assigned that it is not the law "where only one line is processioned, as was done in this case, the plat being only prima facie correct as to the adjoining landowners to the land in dispute and surveyed by the processioners."

8. In one of the special grounds of the motion for a new trial error is assigned upon the admission in evidence of a certain deed, upon the ground that it was not properly executed. Nothing is shown therein in reference to the deed except the date, the parties, and the witnesses. It does not appear what property was conveyed. "A ground of a motion for new trial, complaining of the admission of documentary evidence over stated objections, which does not set forth the document in form or substance, is incomplete, and fails to set forth any question for decision. *Stewart* v. *Bank*, 100 *Ga.* 496 (2), 501 (28 S. E. 249), *Stewart* v. *Randall*, 138 *Ga.* 796 (5), 797 (76 S. E. 352)." *Callaway* v. *Beauchamp*, 140 *Ga.* 207 (2) (78 S. E. 846).

9. Applying the foregoing rulings to the facts of this case, the trial judge properly overruled the motion to set aside the verdict and judgment, and did not abuse his discretion in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 23, 1924.

Processioning; from White superior court—Judge J. B. Jones. October 8, 1923.

*C. H. Edwards, J. C. Edwards, H. E. Edwards,* for plaintiff. *McMillan & Erwin,* for defendant.