## 19991. HILL v. SNELLINGS.

BELL, J. 1. In the trial of a processioning case, deeds of conveyance comprising a part of the chain of title of one of the parties and describing a boundary as a certain branch, when tendered in evidence in behalf of the party who claimed under them and who alleged that such branch was the true divisional line, were not inadmissible and subject to be excluded upon objection that the language in each as to boundary constituted a mere declaration by the maker and was not binding on other persons, it appearing that the deeds were tendered not as documents binding upon the objecting party, but only as evidence of the chain of title claimed by the party introducing them and under which he had gone into possession. The deeds were relevant and admissible upon the question of the identity and location of the boundary between the coterminous owners. *Lee* v. *Giles*, 124 *Ga.* 494 (3) (52 S. E. 806); *Roberts* v. *Atlanta Cemetery Association*, 146 *Ga.* 490 (4) (91 S. E. 675); 9 C. J. 276.

(a) The above ruling is not altered by the fact that during the trial both parties admitted in open court that the lands were owned by each other respectively on opposite sides of the line in dispute, and that the only issue was the location of the dividing line. Notwithstanding this agreement, the controversy incidentally involved the title to the strip of land between the lines claimed by the respective parties. *Elkins* v. *Merritt*, 146 *Ga.* 647 (92 S. E. 51).

(b) It necessarily follows that the court did not err in admitting in evidence a deed signed by the plaintiff in error in which the branch claimed by the defendant in error as the dividing line was described as the boundary. *Barnes* v. *Maddox*, 136 *Ga.* 164 (71 S. E. 129).

2. Plats and surveys attached to certain deeds and made by reference a part thereof were properly admitted in evidence with the deeds, notwithstanding the attached documents were not proved by the surveyor nor their correctness otherwise established. *King* v. *Sears*, 91 *Ga.* 577 (2) (18 S. E. 830); *Aiken* v. *Wallace*, 134 *Ga.* 873 (68 S. E. 937); *Thompson* v. *Hill*, 137 *Ga.* 308, 312 (73 S. E. 640); *Wooten* v. *Solomon*, 139 *Ga.* 433 (77 S. E. 375); 18 C. J. 281, 282. Aliter if the plats and surveys had not been made a part of the deeds themselves. *Brantly* v. *Huff*, 62 *Ga.* 532 (1).

3. The evidence did not demand a finding that prior coterminous owners had by agreement fixed the line as claimed by the plaintiff in error.

4. It does not conclusively appear, from the evidence, that the plaintiff in error had been in continuous possession for more than seven years of any of the lands affected by the verdict, and hence the verdict is not contrary to the law as contained in the Civil Code (1910), § 3822.

5. The evidence authorized the verdict, and no error of law appears.

     *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

     DECIDED JUNE 13, 1930.

*W. A. Slaton,* for plaintiff in error.   *B. W. Fortson,* contra.