20000.   LONG *et al. v.* ROBERTSON *et al.*

STEPHENS, J.  1. Where the sole ground of the protest made to the return of the processioners was that the true dividing line between the parties had not been marked by the processioners, and not that the processioners had exceeded their powers and marked a line which they had no right to mark, there was no merit in the objection made by the protestant to the admission in evidence of the return of the processioners, the surveyor's plat, and the "record of procession," upon the ground that the processioners, and the surveyor who was specially appointed by the ordinary, went beyond the powers given the surveyor in the order of the court of ordinary appointing him, and beyond the powers of the processioners as indicated in the notice to the protestant, in that by this order and notice authority to run only the dividing line between two designated land lots was given, and that the plat offered in evidence showed that the line between these two land lots had not been marked out by them, but that there had been marked out by them a line different from that between these lots.  See, in this connection, *Rattaree* v. *Morrow*, 71 *Ga.* 528 (2).

2. Where upon the trial of such a case the court had given in charge sections 3820, 3821, and 3822 of the Civil Code of 1910, relative to the weight to be given by the jury to various facts established by the evidence as tending to establish the true land line, a statement by the court to the jury that parts of these sections have no application to the case, and that the jury should apply those portions of the sections which are applicable and disregard the other portions which are not applicable, was not error in this case in that the charge failed to point out to the jury what portions of the code sections were applicable to the case and what portions were not applicable.  Since the code sections charged laid down rules applicable to the probative value of various facts established by the evidence, the jury could, upon a determination by them from the evidence as to what facts had been established, readily determine what portions of the code sections referred to were applicable to the evidence.

3. There is no insistence upon the general grounds of the motion for a new trial.  The special grounds of the motion for a new trial show no error, and the court did not err in overruling the protestant's motion for a new trial.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1930.

*Rosser & Shaw, McClure & McClure,* for plaintiffs in error.
*Porter & Mebane,* contra.