### 32750. STANFILL *v.* HIERS.

Decided February 17, 1950.

*A. J. Whitehurst, C. E. Hay,* for plaintiff.

*J. P. Knight, Jack Knight,* for defendant.

WORRILL, J. A. H. Tillman, J. G. Stanfill, and J. L. Roland, adjoining owners of lots of land numbers 341 and 342, in the 9th land District of Colquitt County, Georgia, applied to processioners for the remarking of the dividing line between their land (on the north), and the lands of Mrs. W. A. Tillman, W. B. Hiers, and Mrs. James Hiers (on the south); the line in dispute being the south line of the adjoining tracts of the applicants, and the north line of adjoining lands of the protestants. The processioners filed a return, and W. B. Hiers, Mrs. James Hiers, and W. J. Tillman, as administrator of the estate of Mrs. W. A. Tillman, who had died pending the proceedings, filed protests to the return of the processioners. The case came on for trial in Colquitt Superior Court, and since the line involved in each of said protests was a continuation of the same dividing line, all three cases were tried together, but separate verdicts were returned in each case. The jury returned verdicts in favor of the line contended for by the protestants, judgments were taken thereon, and the applicants filed motions for a new trial. Only the case of J. G. Stanfill, applicant against W. B. Hiers, protestant, is now before this court for review. The applicant amended his motion for new trial by adding several special grounds thereto, which motion was heard and overruled, and he excepted.

■ The first special ground of the amended motion for new trial contends that the movant should be granted a new trial because without any fault on the part of himself or on the part of his counsel he was deprived of the full benefit of counsel to which he was entitled, because his sole counsel, during the second day of the two-day trial, was ill—so ill as to be unable to properly diagnose the extent of his illness and to know that he was too ill to proceed with the trial of the case or to make a motion for a mistrial—and was thus unable properly to represent the movant in the trial of the case. Inasmuch as no motion for a mistrial on this account was made, and no other ruling of the court invoked so as to preserve for the record an assignment of error based on this ground, this ground of the motion was made by way of affidavit. The defendant in error

876

filed counter-affidavits resisting this ground of the motion, and these were allowed filed as a part of the record in the case. The plaintiff in error, in support of the proposition involved in this ground of the motion for new trial, cites three cases, *Farmer v. State*, 91 *Ga.* 720 (3) (18 S. E. 987), *Flanagan v. State*, 106 *Ga.* 109 (2) (32 S. E. 80), and *Tiller v. State*, 110 *Ga.* 250 (1) (34 S. E. 204). Counsel attempts to distinguish these cases by alleging and contending that in all of them counsel knew of their illness, that in the *Flanagan* case a motion for mistrial was made, and in the other two no motion was made despite this knowledge by counsel of his illness, whereas in the instant case counsel was so ill as to be unable to understand the seriousness of his condition, and for this reason could not and did not make a motion for a mistrial. We do not think that this case is distinguishable from the *Farmer* and *Tiller* cases. Counsel's contention that he did not know the extent of his illness at the time of the trial is not supported by his motion. At that time, according to the motion he thought that he was merely taking a "summer cold," and he apparently was just as ill as one becomes who has contracted such a disease, and no worse, and he admits in his brief that such illness on the part of counsel was not a sufficient cause for declaring a mistrial. Counsel alone knew that he was ill and the extent of his illness as reflected by his physical feelings. If he knew he was too ill properly to represent his clients or had any doubt about the fact he should have advised the court of his feelings and requested a continuance or moved for a mistrial. Illness contracted or occurring subsequent to the trial, no matter how severe or how soon after the trial it occurs, is not a ground for declaring a new trial. This ground of the motion does not take the case from the general rule that counsel must invoke some ruling of the court at the time the cause for the mistrial occurs or arises, and cannot stand idly by and permit the case to proceed and complain for the first time in his motion for a new trial. This ground of the motion is, therefore, without merit.

■ Special ground two of the amended motion for new trial complains because the trial court excluded certin testimony of A. H. Tillman, one of the applicants as follows: " 'Did you know the south line of the lot then?' (Lot 341 in

the ninth land district, in January, 1924); to which question the said witness replied: 'That is right, I knowed it only by what Mr. W. A. Tillman told me. He told me that line was right in a few feet of where these processioners put it. I didn't buy the tract of land until 1935.' He was then asked: 'Are you satisfied with the line as the processioners found it to be?'; to which he answered: 'That comes nearer where W. A. Tillman said it was than any line they put through there.'" The last answer was objected to and excluded on the ground that "it was going into the testimony between himself and parties now deceased." The fifth special ground of the motion for new trial assigns error on the exclusion of certain testimony of Ernest Burgess who was a predecessor in title to J. L. Roland, one of the applicants, as follows: "'Mr. Jim Hiers come up there, and what happened?' The witness answered: 'He said, you cut my tree.' I said, 'I don't know whether I had or not, Uncle Jim. If I have cut your tree we will have the land surveyed and if the tree belongs to your side I'll pay you for the tree, and if mine we'll forget it.' Council for the applicants then propounded the following question: 'Did you later find out which side of the line it was on, whether your side or his side?'; and the witness answered: 'Nothing ever said no more about the tree between me and him.'" This latter question and answer were excluded upon objection on the ground that it related to admissions made by a deceased predecessor in title to the opposite party, Mrs. James Hiers.

Code § 38-1603 (1) states: "Where any suit shall be instituted or defended . . by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person as to transactions or communications with such . . deceased person whether such transactions or communications were had by such . . deceased person with the party testifying or with any other person." Subsection 4 of the same Code section provides: "Where a person not a party, but a person interested in the result of the suit, shall be offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." It is under the first of these quoted Code sections that the evidence

excluded and complained of in ground two is claimed by the defendant in error to be inadmissible. We do not think that the court erred in excluding the testimony of A. H. Tillman as to the transactions between himself and the then deceased predecessor in title to the opposite party, Mrs. W. A. Tillman. The plaintiff in error contends that this testimony was admissible as between himself and the defendant in error since the Tillmans were not parties to that case. We cannot agree with that contention. While the cases were tried together and not consolidated, it appears that the line in dispute in all of them was the same, one continuous line running across the width of two land lots and being the southern boundary of lots 342 and 341, and the northern boundary of lots 349 and 350 in the 9th land district of Colquitt County. It appears that under the state of facts and in view of the return and protest filed, all of the testimony adduced upon the trial related to and affected each of the cases, so that it could not be said that A. H. Tillman, was such a disinterested witness in the case between W. B. Hiers and Stanfill as to be competent to testify in that case about the transaction between himself and W. A. Tillman. In other words, the cases were so interrelated that the results in each may have had an effect in each of the others, so that we cannot say that any party on either side was a competent witness to testify against any other party on the opposite side in regard to such matters as were involved in the objection in this ground of the motion.

As to the testimony of Burgess, which was excluded, the defendant in error contends that being a predecessor in title to one of the parties he was a party at interest on his warranty. These facts do not appear directly from the record, and it may or may not be that Burgess had such an interest in the outcome of the case as to bring him within the purview of the 4th subsection of § 38-1603 of the Code, quoted above. However, we do not think that the exclusion of the testimony complained of, if error, was harmful as it was without probative value.

■ The third and fourth special grounds of the motion for a new trial complain of error because of the following portions of the charge to the jury: "Constructive possession of lands is where a person having paper title to a tract of land is in actual

possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary tract. Hence adjacent owners may be in possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either"; and "Possession under a duly recorded deed will be construed to extend to all contiguous property embraced therein"; and "Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period of time fixed by law"; and "Possession, to be the foundation of a prescription, must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right"; and "Actual possession of land evidence by enclosure, cultivation, or any use and occupation thereof, which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another"; (sic) and "Actual adverse possession of lands by itself, for twenty years, shall give good title by prescription against everyone, except the State, or persons laboring under disabilities." It is contended that these charges were error because they dealt with title which was not in issue in the case, because there were no recorded deeds introduced in evidence; because it was stipulated before the trial that the only issue was the establishing of the original land lot line in dispute, and because they injected into the case the question of establishing the line by constructive possession or by acquiescence instead of by locating and marking anew the original lot line. In *Georgia Talc Co.* v. *Cohutta Talc Co.*, 140 *Ga.* 245, 247 (3) (78 S. E. 905), the Supreme Court said: "The primary object of our processioning laws is to settle disputes of boundary lines between coterminous landowners. It is a summary proceeding, and is not designed to be a substitute for an action of ejectment. Title is not directly involved. In the instant case the court read to the jury certain sections of the Code relating to adverse possession as constituting prescription. While these sections may have been inapplicable to the case, we do not think the losing party was injured by the court's reading them to the jury." While the charges complained of in the instant case were inapt and not adjusted to the issues, never-

theless, the *Georgia Talc* case involved charges and issues similar to those in the instant case, and is controlling here, and these grounds of the motion for new trial show no reversible error.

The evidence, while conflicting, amply supported the verdict, as the witnesses for the protestants testified to several old landmarks upon which they relied as evidence to fix and locate the line as claimed by the protestants and found by the jury to be the true original land lot line. No error of law appearing, the court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*