### 36378. BOYD *v.* HILL.

DECIDED NOVEMBER 27, 1956.

*Edward Parrish*, for plaintiff in error.

*McCall & Griffis*, contra.

NICHOLS, J. 1. The first special ground of the amended motion for new trial complains of the following excerpt from the charge: "Now, gentlemen of the jury, I charge you further in connection with the burden of proof that when the processioning and the return and the plat are admitted in evidence, that makes out what is known as a prima facie case for the petitioner, and when that is introduced in evidence and admitted in evidence, as has been done in this case, then the burden shifts to the protestant to prove her contentions by what is known as a preponderance of the evidence. So, gentlemen, in this case the burden of proof, after the processioners' proceeding is introduced in evidence shifts from the petitioner to the protestant; and the burden of proof was upon the protestant to prove her contentions to your satisfaction by a preponderance of the evidence in the case." The protestant contends that the phrase "burden of proof" as used therein was erroneous and requires a reversal of the case.

Although the "burden of testimony" may change during the progress of a trial, the "burden of proof" is fixed by pleadings and never shifts. See in this connection, *A. C. L. R. Co.* v. *Thomas*, 83 *Ga. App.* 477, 480 (64 S. E. 2d 301), and cases cited. As was said in *Dally* v. *Arnold*, 91 *Ga. App.* 395 (2) (85 S. E. 2d 808), "Where, in a processioning proceeding, the applicant contends that the correct line lies along a particular course, and the protestant that it follows another specific course, the court

does not err in charging that the burden is upon each party to sustain his contention by a preponderance of evidence."

In the present case the court charged that the "burden of proof" shifted, and although this was error, it was harmless error because the burden was upon each of the parties to sustain the contentions made by them in the pleadings inasmuch as each contended for a specific line.

2. The second special ground complains that the jury was authorized by the charge to find only in favor of the return of the processioners or against the return of the processioners, the latter being charged if the jury found for the contentions of the protestant.

The protestant filed pleadings in which it was alleged that the line run by the processioners was not the true property line, that the line was elsewhere (its location being pleaded by the protestant), and that the line run by the processioners was a new line.

"As stated in *McCollum* v. *Thomason*, 32 *Ga. App.* 160 (122 S. E. 800), there are at least three proper verdicts in a processioning case. The jury may find that the line as marked by the processioners is the true line; they may find merely that the line so marked is not the true line, or they may go further and find that the line so marked is not the true line but that the line as contended by the protestant is the true line." *Payne* v. *Green*, 84 *Ga. App.* 689, 694 (67 S. E. 2d 195).

In the present case, although the applicant contended that the line marked by the processioners was the true line, the evidence authorized any one of the above findings: that the line marked by the processioners was the true line, that the line marked by the processioners was not the true line but that neither was the line contended for by the protestant, or that the line as contended for by the protestant was the true line. Therefore, the charge limiting the jury to only two of the three possible findings was error requiring a reversal of the judgment denying the amended motion for new trial.

3. In the last special ground the protestant objected to the introduction in evidence of a deed to "Tony Sparks" covering the land now owned by the applicant, J. T. Hill.

There was no question on the trial of the case but that "Tony

Sparks" had owned the lands now owned by the applicant, witnesses for both parties testified that "Tony Sparks" had owned this land, and the description in the deed confirmed this fact. Therefore, the trial court did not err in admitting in evidence the deed complained of. See *Deal* v. *George*, 146 *Ga.* 439 (2) (91 S. E. 407); and *Hill* v. *Snellings*, 41 *Ga. App.* 585 (1) (154 S. E. 156).

4. Inasmuch as the evidence introduced on the trial of the case did not demand a verdict finding that the line marked by the processioners was the correct line, the ruling in the second division of the opinion requires that the judgment of the trial court denying the protestant's amended motion for new trial be reversed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*