40261. FRASER v. KICHLINE et al.

DECIDED NOVEMBER 22, 1963.

*Stow & Andrews, Robert E. Andrews,* for plaintiff in error.
*Whelchel, Dunlap & Gignilliat, Wm. R. Gignilliat,* contra.

BELL, Presiding Judge. ■ In his first special ground on motion for new trial, protestant acknowledges that the trial judge instructed the jury on correct principles of law relating to establishing a boundary line by acquiescence by coterminous owners for more than seven years (*Code* § 85-1602), or by adverse possession for the same period (*Code* § 85-1603). The protestant alleges, however, that the judge erred in instructing the jury to apply the portions of the charge they deemed applicable and to disregard the inapplicable portions.

The case of *Long v. Robertson,* 41 Ga. App. 712 (154 SE 464), another processioning case (decided by three great judges of this court), held in relation to corresponding Code sections: "Where upon the trial of such a case the court had given in charge sections 3820 [85-1601], 3821 [85-1602], and 3822 [85-1603] of the Civil Code of 1910, relative to the weight to be given by the jury to various facts established by the evidence as tending to establish the true land line, a statement by the court to the jury that parts of these sections have no application to the case, and that the jury should apply those portions of the sections which are applicable and disregard the other portions which are not applicable, was not error in this case in that the charge failed to point out to the jury what portions of the Code sections were applicable to the case and what portions were not applicable. Since the Code sections charged laid down rules applicable to the probative value of various facts established by the evidence, the jury could, upon a determination by them from the evidence as to what facts had been established, readily determine what

portions of the Code sections referred to were applicable to the evidence." See also *Georgia Talc Co. v. Cohutta Talc Co.*, 140 Ga. 245, 247 (3) (78 SE 905); *Stanfill v. Hiers*, 80 Ga. App. 874, 879 (57 SE2d 851). We disagree with protestant that these cases are distinguishable from that before us, and disagree further that the issues of establishment of a dividing line by acquiescence or adverse possession were not raised by the evidence.

Special ground 1 has no merit.

2. Special ground 2 of the motion for new trial objects to the asserted failure of the trial court to authorize the jury to return a verdict "that the processioners had made a new line." It is urged that this possible verdict was eliminated from the jury's consideration by the court's omission of it when *repeating* the verdicts the jury could find. As the court had previously fully instructed the jury on the three proper verdicts, we gravely question the validity of the argument. We cannot, however, rule upon the point, as the ground is incomplete.

The rule to be derived with respect to the three proper verdicts in processioning cases, first approved in *McCollum v. Thomason*, 32 Ga. App. 160 (122 SE 800), as explained and limited by *Payne v. Green*, 84 Ga. App. 689, 694 (1) (67 SE2d 195), and by *Boyd v. Hill*, 94 Ga. App. 686, 688 (2) (96 SE2d 222), is that instruction as to each of the three verdicts is proper only *where there is evidence which tends to support each of them*. These cases could not have held otherwise, for it is basic in our law that the evidence in every case must support the verdict in order for the verdict to be upheld. In *Payne*, where no error was found in the trial court's instruction to the jury that they find the true line to be either that claimed by the applicant or the protestant, it was stated that, "All the evidence tended to support the contentions of one or the other of the parties." In *Boyd*, where the trial court imposed a similar restriction, the court found error and said that, "The evidence authorized any one of the above [3] findings."

Special ground 2 of the motion for new trial does not detail or point out to the court any evidence which tends to support the theory that the processioners "had made a new line" which they are prohibited from doing. The failure by the plaintiff in error

to specify this evidence in the special ground renders it incomplete, and we cannot consider it.

3. The general grounds of the motion have no merit as the evidence amply supported the verdict.

*Judgment affirmed. Hall and Pannell, JJ., concur.*