### 48497. MARTELL v. WATSON.

DEEN, Judge. In this processioning case the jury was instructed as to the form of their verdicts should they find for the applicant, and the form if they found for the protestant. The dispute centered over the north-south line between the respective properties, the lines urged by each being about 200 feet apart. The unsuccessful protestant now contends the court should have charged an additional form of verdict if it found against both contended lines (see *McCollum v. Thomason,* 32 Ga. App. 160 (122 SE 800)) and failed to charge a possible verdict if they believed the processioners had made a new line rather than remarking an old one. The evidence supported the verdict for the return and plat of the processioners and failed to show a line other than the two contended by the parties respectively. Further, the appellant at the close of the evidence stated there were no exceptions to the charge as given. Since this is true, and since the court finds no substantial error as a matter of law, the first three enumerations of error show no cause for reversal. Cf. *Payne v. Green,* 84 Ga. App. 689 (1) (67 SE2d 195) and *Fraser v. Kichline,* 108 Ga. App. 701, 703 (134 SE2d 492).

Both from the plat, the evidence, and the briefs of counsel it appears without dispute that the legal description of the property set out in the court's judgment dated April 1, 1972, is subject to a clerical (April Fools' Day?) error in stating "Beginning at an iron pin at the Southeast corner of Land Lot 52" when it was intended to read the *southwest* corner of that landlot. It is accordingly directed that the description of the

beginning point be amended to show the true location of the iron pin.

*Judgment affirmed with direction. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED SEPTEMBER 27, 1973.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.

*Jenkins & Landrum, Edgar L. Jenkins,* for appellee.