572 P.2d 1190

Laura WOLK and Louis Wolk, husband and wife, Doyle Cheney and Maisie Cheney, husband and wife, Appellants,

v.

Charles NICHOLS and Ilah Nichols, his wife, Appellees.

No. 13144.

Supreme Court of Arizona, In Division.

Dec. 8, 1977.

Rehearing Denied Jan. 4, 1978.

Johnson, Shelley & Roberts by J. LaMar Shelley, Mesa, for appellants.

Patrick E. Eldridge, Frank F. Collins, Phoenix, for appellees.

CAMERON, Chief Justice.

Plaintiff, Nichols, was awarded $90,000 actual damages and $17,500 punitive damages after a jury trial on his claim against defendants Wolk and Cheney for conversion of citrus trees. After denial of their motion for a new trial and for remittitur, the defendants appeal.

We decide this case pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Appellants raise six issues on appeal, but we believe that the answer to one is dispositive of the matter. That issue is, were there sufficient facts to sustain the jury's award of damages?

Viewing the evidence in a light most favorable to the prevailing party, *Polk v. Koerner*, 111 Ariz. 493, 533 P.2d 660 (1975); *Howard P. Foley Company v. Harris*, 10 Ariz.App. 78, 456 P.2d 398 (1969), the following facts are necessary for a determination of this appeal. In the fall of 1972, Charles Nichols orally agreed with Mrs. Laura Wolk to lease certain real property in the Lehi Valley north of Mesa. The property was owned by Mrs. Wolk and her son, Doyle Cheney. Nichols intended to use the property as a nursery for raising citrus trees. He desired to lease the property in three-year increments, three years being the approximate period of time necessary to develop commercially saleable trees from seeds. Wolk and Nichols agreed that Nichols would lease the property for three years, paying rent annually in the amount of $500. Although the parties intended to reduce their agreement to writing, no written lease was ever prepared. The first year's rent from November 1972 to November 1973 was

paid and Nichols went into possession. The second year's rent was paid by furnishing approximately $500's worth of water pipe to Cheney.

Nichols continued in possession of the property without disturbance until April 1974 when Laura Wolk, claiming Nichols had been tearing down and removing various components of a nursery structure on the property which she felt belonged to her, locked him out of the premises. Access to the premises was not, however, denied to one Antonio Lopez who, pursuant to an agreement with Nichols, had done much of the planting and cultivation of the trees. The nature of the agreement between Nichols and Lopez is not clear. Wolk allowed Lopez to remain on the land and to continue caring for the trees after the lockout pursuant to an agreement which was to be formally ratified after the trial between defendants and Nichols. Exactly what was agreed to between Lopez and Wolk is not clear.

At the trial on suit for conversion, Nichols testified that 18,000 healthy trees were growing on the property at the time he was ousted.

■ In a case such as this, there are two reasonable methods of determining damages. One would be to determine the value of the growing trees at the time of conversion. The other measure of damages would be the value of the trees at maturity less costs of preparation for sale. The California court has stated the measure of damages to be:

" * * * either (1) the reasonable value [of the orange crop] at the time of conversion, with interest thereon from that date, or (2) the amount which [the plaintiff] might have received from the sale of the crop in due course of events, had it been permitted to sell such, less the reasonable and necessary costs of production, harvesting and marketing from the time of conversion to sale, whichever was the larger." *Carey v. Glenco Citrus Products*

*Co.,* 235 Cal.App.2d 572, 581, 45 Cal.Rptr. 365, 371 (1965).

The jury was instructed according to the first theory:

" * * * The amount of such award shall be the fair market value of the number of trees you find were converted by the defendant at the time of conversion."

■ Unfortunately, no evidence was presented as to the value of the trees at the time of conversion. The only testimony as to damages presented was that after further growth and cultivation, the trees eventually would have retailed for $5.95 per tree. However, no evidence was presented as to what portion of this retail price per tree would represent actual profit to him and what portion would represent recovery of costs to be incurred between the time of conversion and the time of sale for cultivating, harvesting, and marketing each tree. Thus, there was no evidence to support the instruction that was given and insufficient evidence to allow for application of the other possible standard for assessing the plaintiff's damages.

■ We will uphold a verdict based upon any reasonable evidence, but where, as here, there was no evidence to support the size of the verdict, we cannot uphold it on appeal:

"Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand." *Earley v. Johnson,* 58 Okl. 466, 467, 160 P. 482, 483 (1916) and cited with approval in *City of Tucson v. Apache Motors,* 74 Ariz. 98, 245 P.2d 255 (1952).

And:

" * * * it is basic in our law that the evidence in every case must support the verdict in order for the verdict to be upheld. * * *" *Fraser v. Kichline,* 108 Ga.App. 701, 703, 134 S.E.2d 492, 494 (1963).

The matter must be remanded for new trial.

We note that Wolk raised on appeal the question as to whether Lopez was an indispensable party and also the right to enter an affirmative defense. No attempt was made to join Lopez as an indispensable party, Rule 19, Arizona Rules of Civil Procedure, 16 A.R.S., prior to trial. Neither did Wolk plead an affirmative defense as to the interest of Lopez in the citrus trees. Inasmuch as this matter will have to be retried, Wolk can timely move to join Lopez as a party and also timely plead the affirmative defense.

Reversed and remanded for new trial.

STRUCKMEYER, V. C. J., and GORDON, J., concur.