HOWE, Judge:
¶1 JH2K I, LLC appeals the superior court's judgment upholding the Arizona Department of Health's final decision denying JH2K's application for a medical marijuana dispensary registration certificate under the Department's interpretation of the Arizona Medical Marijuana Act ("AMMA") and its corresponding regulations. JH2K argues, among other things, that the Department abused its discretion because it (1) imposed a requirement that applies exclusively to an application to operate and open a dispensary and (2) improperly expanded the definition of "school" to encompass the surrounding property.
¶2 We affirm the superior court's judgment. The Department did not abuse its discretion in requiring JH2K to submit documentation showing its compliance with the *678 distance requirement because the AMMA's plain language and corresponding regulations require it. The Department also properly interpreted the meaning of "school" because the term's plain and ordinary meaning includes a school's property boundaries.
FACTS AND PROCEDURAL HISTORY
¶3 In 2010, Arizona voters passed Proposition 203, now codified as the AMMA, A.R.S. §§ 36-2801 to -2819. The AMMA granted the Department rulemaking authority to enact regulations to implement and enforce the act. The AMMA requires prospective nonprofit medical marijuana dispensaries to register with the Department by filing an application for a medical marijuana dispensary registration certificate. In June 2016, the Department announced that it would be accepting dispensary registration applications.
¶4 JH2K applied for a registration certificate, but the Department determined that its application was not substantively complete. The Department sent JH2K a formal request for information, saying that "some items need to be corrected or are missing" from its application. The Department identified 17 missing items in JH2K's application packet. Citing A.A.C. R9-17-321(A), the 17th item listed in the request said that "[a] dispensary shall be located at least 500 feet from a private school or a public school that existed before the date the dispensary submitted the initial dispensary registration certificate application." JH2K responded to item 17 by attaching a computer-generated map showing that the distance between the proposed dispensary building and the nearest school's administration building was 513.75 feet. Nevertheless, the Department denied JH2K's application because it determined that, when measured from property line to property line, the proposed dispensary location was within 500 feet of a Pima County junior high school.
¶5 JH2K protested the denial of its application and sought administrative review before an administrative law judge ("ALJ"). Upon receiving notice of an evidentiary hearing, the Department conducted additional research to confirm the distance between the school and JH2K's proposed dispensary location. A team leader from the Department's Bureau of Special Licensing visited the site and used a rolling measuring device to verify the distance between the property line of the proposed dispensary location and a chain-link fence abutting the school's basketball court and determined that the distance measured 424 feet. The team leader then confirmed through Google Maps that the distance between the two respective property lines was less than 500 feet. The Department also telephoned Pima County officials to inquire about the distance between the two properties. Pima County verified that the distance was less than 500 feet. In addition, the Department learned that Pima County determined distances between properties by measuring from property line to property line.
¶6 At the evidentiary hearing, JH2K argued that applicants are not required to demonstrate at the initial application stage that a proposed dispensary is at least 500 feet from a school. JH2K further argued that the distance between a proposed dispensary and the nearest school should be measured from building structure to building structure and that the Department arbitrarily expanded the definition of a "school" to include all surrounding grounds. The Department argued, however, that both "statute and rule" mandate an application for a registration certificate to contain documentation that the physical address of a proposed dispensary location is at least 500 feet from a private or public school. A branch chief from the Department's Division of Licensing also testified that the Department consistently measured distance from property line to property line.
¶7 After the hearing, the ALJ recommended affirming the denial of JH2K's application. The Director adopted the recommendation, with minor modifications, and affirmed the denial. JH2K then appealed the decision to the superior court, which affirmed the Department's final decision. JH2K timely appealed.
DISCUSSION
¶8 JH2K argues that the Department's denial of its application was arbitrary, capricious, and an abuse of discretion and that the Department denied it equal protection and due process. This Court will affirm *679 an agency's decision unless the decision is "contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(E). We will not disturb an agency's factual findings that the evidence substantially supports. Gaveck v. Ariz. State Bd. of Podiatry Exam'rs , 222 Ariz. 433, 436 ¶¶ 11-12, 215 P.3d 1114 (App. 2009). Although we view the evidence in the light most favorable to upholding the agency's decision, we are not bound by its legal conclusions or statutory interpretations. JHass Grp . L.L.C. v. Ariz. Dep't of Fin. Insts. , 238 Ariz. 377, 383 ¶ 20, 360 P.3d 1029 (App. 2015).
¶9 We "decide all questions of law, including the interpretation of a constitutional or statutory provision or a rule adopted by an agency, without deference to any previous determination that may have been made on the question by the agency." A.R.S. § 12-910(E). Our primary goal in interpreting a statute is to give effect to the legislature's intent and, in the case of a statute enacted by voter initiative, to give effect to the voters' intent. JHass Grp. , 238 Ariz. at 384 ¶ 27, 360 P.3d 1029. In doing so, we first examine the provision's plain language. Azore, LLC v. Bassett , 236 Ariz. 424, 427 ¶ 9, 341 P.3d 466 (App. 2014). We give terms their ordinary and commonly accepted meaning, unless the legislature has provided a specific definition. State v. Petrak , 198 Ariz. 260, 264 ¶ 10, 8 P.3d 1174 (App. 2000). When the statute is clear and unambiguous, we must apply its terms without further analysis. Indus. Comm'n of Ariz. v. Old Republic Ins. Co. , 223 Ariz. 75, 77 ¶ 7, 219 P.3d 285 (App. 2009). "And when statutes relate to the same subject matter, we construe them together as though they constitute one law and attempt to reconcile them to give effect to all provisions involved." Berndt v. Ariz. Dep't of Corrections , 238 Ariz. 524, 528 ¶ 11, 363 P.3d 141 (App. 2015) (quoting Fleming v. Dep't of Public Safety , 237 Ariz. 414, 417 ¶ 12, 352 P.3d 446 (2015) ).
1. Interpretation of A.R.S. § 36-2804(B)(1)(b)(ii)
¶10 JH2K argues first that the Department's denial of its application was an abuse of discretion because the Department required JH2K to comply with the distance-documentation requirement set forth in A.A.C. R9-17-321(A), which, according to JH2K, does not apply to the initial application for a dispensary certificate. JH2K argues second that even if the requirement applies, the Department arbitrarily expanded the definition of "school" and thereby erred in determining that the proper measurement method for determining the distance between a proposed dispensary location and a school is to measure from each property's respective boundary line. Neither claim is correct.
¶11 First, the Department properly determined that the initial application for a dispensary registration certificate requires documentation that a proposed dispensary location is not within 500 feet of a school. A prospective dispensary is eligible for a registration certificate if it submits an application that shows that "[t]he physical address of the nonprofit medical marijuana dispensary" is not "within five hundred feet of a public or private school existing before the date of the nonprofit medical marijuana dispensary application." A.R.S. § 36-2804(B)(1)(b)(ii). Consistent with A.R.S. § 36-2804(B)(1)(b)(ii), the Department must "deny an application for a dispensary registration certificate ... [if] the physical address of the building ... is within 500 feet of a private or a public school that existed before the date the dispensary submitted the initial dispensary registration application[.]" A.A.C. R9-17-322(A)(1). According to the statute's and regulation's plain language, a prospective dispensary's initial application for a registration certificate must contain documentation that the dispensary is not within 500 feet of a school. As such, the Department did not abuse its discretion by requiring that JH2K comply with the distance requirement set forth in the AMMA and its corresponding regulations.
¶12 JH2K argues nonetheless that it need only comply with the application requirements set forth in A.A.C. R9-17-304. This argument is contrary to the plain language of A.R.S. § 36-2804(B)(1)(b)(ii) and A.A.C. R9-17-322(A)(1), however. Although A.A.C. R9-17-304 does not mention a separation requirement between a proposed dispensary and the nearest school, *680 A.R.S. § 36-2804(B)(1)(b)(ii) and A.A.C. R9-17-322(A)(1) clearly require that an application for a registration certificate shows that the physical address of a proposed dispensary is at least 500 feet from a school. We therefore reject JH2K's argument.
¶13 Second, the Department did not arbitrarily expand the definition of the word "school" by determining that the measurement between a school and proposed dispensary begins at the point on the school's property line that is nearest to the dispensary. Although the AMMA does not define "school," its implementing regulations adopt the definitions in A.R.S. § 15-101. See A.A.C. R9-17-101(23) and (25). Arizona Revised Statutes section 15-101(21) defines private school as "a nonpublic institution where instruction is imparted." Section 15-101(22) defines public school and school as "any public institution established for purposes of offering instruction to pupils in programs for preschool children with disabilities, kindergarten programs or any combination of elementary grades or secondary grades one through twelve."
¶14 The language of A.R.S. § 15-101(21) and (22) clearly and unambiguously provides that school facilities-whether located indoors or outdoors-where instruction is imparted fall within the purview of the statutory definition of "school." Indeed, a school's grounds are oftentimes used for physical-education class and by teachers that decide to conduct instruction outside. Accordingly, the outdoor facilities at which instruction is imparted are part of a school, just as a classroom, laboratory, or study hall is part of a school, and nothing in the statute limits its application solely to a school's buildings. Moreover, Arizona courts have long interpreted the word "school" to refer to the entire organization-consisting of buildings, grounds, and classrooms-and not to any particular structure used by the institution. See, e.g. , State v. Schoner , 121 Ariz. 528, 530, 591 P.2d 1305 (App. 1979). Thus, adhering to the principles of statutory construction, a "school" is composed of all the land owned by the school.
¶15 JH2K disagrees that the term "school" encompasses the accompanying grounds. JH2K suggests a different meaning of the word "school" was intended within the AMMA and its corresponding regulations because "physical address" does not modify "school." But "[w]ords are to be given their usual and commonly understood meaning unless it is plain or clear that a different meaning was intended." Kilpatrick v. Superior Court , 105 Ariz. 413, 421, 466 P.2d 18 (1970). According to common usage, the term "school" is well understood to encompass the entire school property, including any outdoor facilities used for curricular activities. We thus cannot say that Arizona voters clearly intended to assign JH2K's narrow interpretation of the word "school" simply because "physical address" does not modify "school."
¶16 JH2K also cites other statutes that use language such as "accompanying grounds" or "property boundary" in connection with "school." But we determine meaning by looking at statutes that are in pari materia -statutes that relate to the same subject matter and which have a similar purpose. Collins v. Stockwell , 137 Ariz. 416, 419, 671 P.2d 394 (1983). None of the cited statutes, however, are related in subject matter or purpose to the AMMA. See A.R.S. § 13-709 (providing sentencing enhancements for felonies committed within 300 feet of a school or its accompanying grounds); see also A.R.S. § 3-365 (prohibiting pesticides around a school's property boundary). Those statutes therefore do not govern our interpretation; rather, the AMMA and its corresponding regulation's definition of "private school" and "public school" control our analysis for purposes of delineating the bounds of a school.
¶17 Likewise, neither the language in A.R.S. § 36-2802 nor the use of the word "school" in A.R.S. § 13-3411 change our analysis. Section 36-2802 provides, in pertinent part, that the AMMA does not authorize a person to engage in and does not prevent the imposition of any penalty for possession or use of medical marijuana "[o]n the grounds of any preschool or primary or secondary school." In our view, that provision shows that the voters' intent was plain: to prevent schoolchildren from exposure to marijuana. Accordingly, measuring distance from property line to property line comports with the voters' intent. To hold otherwise *681 would be contrary to that intent because a dispensary could theoretically operate directly adjacent to school grounds. Furthermore, although A.R.S. § 13-3411(I)(1) designates as a drug free school zone the area "within three hundred feet of a school or its accompanying grounds," that statute serves an entirely different purpose than that of the provision being construed here. The purpose of that criminal code statute is to prevent possession and trafficking of illegal drugs on school property. In contrast, A.R.S. § 36-2804(B)(1)(b)(ii) serves only as a zoning regulation to keep a legal business that is selling marijuana away from a school and its occupants. In addition, the criminal statute relates to an individual possessing marijuana on school grounds, whereas A.R.S. § 36-2804(B)(1)(b)(ii) pertains only to a business and its location in relation to a school.
2. Purported Constitutional Violations
¶18 JH2K claims that the Department violated its equal protection and due process rights under the Arizona Constitution by treating it differently than other applicants. Specifically, JH2K argues that the Department had "accepted an application from, and issued a [c]ertificate to, an applicant that had a proposed dispensary location immediately next to a school." The record reflects, however, that JH2K failed to raise any equal protection or due process contentions at any point in the administrative hearing. The ALJ's findings and conclusions of law therefore did not address or discuss these issues. According to the record, JH2K first raised the issue of equal protection and due process when it appealed to the superior court. Thus, JH2K's contentions were not timely raised and may not support a reversal on appeal. See DeGroot v. Arizona Racing Comm'n , 141 Ariz. 331, 340, 686 P.2d 1301 (App. 1984) ("[F]ailure to raise an issue before an administrative tribunal precludes judicial review of that issue on appeal unless the issue is jurisdictional in nature.").
CONCLUSION
¶19 For the foregoing reasons, we affirm.