IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

TRANSPARENT PAYSON, A POLITICAL COMMITTEE REGISTERED PURSUANT TO
ARIZONA REVISED STATUES SECTION 16-905; AND JEFFREY AAL, INDIVIDUALLY
AS A CITIZEN OF THE TOWN OF PAYSON AND IN HIS CAPACITY AS CHAIRMAN OF
TRANSPARENT PAYSON,
*Plaintiffs/Appellants*,

*v.*

TOWN OF PAYSON, ARIZONA, A PUBLIC ENTITY; AND TRACIE BAILEY, IN HER
OFFICIAL CAPACITY AS PAYSON TOWN CLERK,
*Defendants/Appellees.*

No. 2 CA-CV 2024-0195
Filed June 26, 2025

---

Appeal from the Superior Court in Gila County
No. S0400CV202300118
The Honorable Michael Latham, Judge

**AFFIRMED**

---

COUNSEL

Timothy A. La Sota PLC, Phoenix
By Timothy A. La Sota
*Counsel for Plaintiffs/Appellants*

Brueckner Spitler Shelts PLC, Scottsdale
By Larry J. Crown and Elan S. Mizrahi
*Counsel for Defendants/Appellees*

Nancy L. Davidson, Phoenix
*Counsel for Amicus Curiae League of Arizona Cities & Towns*

---

**OPINION**

---

Presiding Judge Kelly authored the opinion of the Court, in which Chief Judge Staring and Vice Chief Judge Eppich concurred.

---

K E L L Y, Presiding Judge:

¶1    Transparent Payson and Jeffrey Aal (collectively, "Appellants") challenge the trial court's grant of declaratory judgment in favor of Tracie Bailey and the Town of Payson (collectively, "the Town"). As part of that judgment, the court declared two propositions—which required certain local matters to be voted on by the general electorate—unenforceable. It also determined the Payson Town Council had properly repealed them. The dispositive issue on appeal is whether the court erred in concluding the Voter Protection Act ("VPA") was inapplicable to the Payson Town Council. For the following reasons, we affirm.

## Facts and Procedural History

¶2    We view the facts on appeal from a bench trial in the light most favorable to upholding the judgment. *Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, ¶ 20 (App. 2021). In 2018, Payson voters passed Propositions 401 and 402 ("the Propositions"), which were codified in the Payson Town Code. Proposition 401, codified as Payson Town Code § 157.01, requires any lease agreement or easement of Payson-owned real property exceeding a three-year duration to be submitted as a direct vote to the electorate. Section 35.04, which codified Proposition 402, states: "Any revenue bond for financing or debt that has a combination and or double barrel feature in the indenture agreement, or elsewhere in the bond terms, shall be treated as a general obligation bond, requiring a vote of the qualified electors to enact or fund." It further requires "a direct vote to enact/fund" any "contract/lease debt incurred by the town with an original amount of $1,000,000 or greater."

¶3    In April 2023, the Payson Town Council passed two ordinances that separately repealed both sections. In each ordinance, the Council asserted that the relevant proposition was invalid because the Payson Town Council lacked legal authority to refer the measures to the

ballot.  The following month, Appellants sought injunctive relief, arguing that, "[a]s voter passed initiatives, the Propositions are protected from repeal by elected officials" under the VPA.  In response, the Town filed a counterclaim seeking declaratory relief, asserting that Propositions 401 and 402 are "wholly without authority and outside the delegated powers of the Payson Town Council."

¶4          After a bench trial in April 2024, the trial court denied Appellants' request for injunctive relief and granted the Town's counterclaim for declaratory judgment.  The court explained that the Payson Town Council had acted within its "legal authority" in repealing the Propositions, which were "unenforceable, invalid, [and] of no legal force and effect" in part because the Town Council lacked authority to refer measures to the ballot as required by the Propositions.  The court further noted that "[t]he language of the VPA and the cases applying it all relate to the Arizona State Legislature" and concluded that it lacked a "sufficient legal basis to apply the VPA" to the Town of Payson.  This appeal followed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A).

**Discussion**

¶5          On appeal, Appellants contend the trial court erred in concluding that the VPA was inapplicable to the Payson Town Council.  Although Appellants raise other arguments on appeal, they concede that the issue of the VPA's applicability to a town such as Payson is dispositive, acknowledging that if the VPA does not apply to the Town, they are not entitled to injunctive relief.  We therefore address that issue, which requires us to interpret the VPA.

¶6          "We review a denial of injunctive relief for an abuse of discretion."  *Ariz. Creditors Bar Ass'n v. State*, 257 Ariz. 406, ¶ 8 (App. 2024).  However, we review issues of statutory interpretation de novo.  *See S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, ¶ 16 (2023); *see also Perini Land & Dev. Co. v. Pima County*, 170 Ariz. 380, 383 (1992).

¶7          In 1998, Arizona voters added the VPA to the state constitution.  *Ariz. Early Childhood Dev. & Health Bd. v. Brewer*, 221 Ariz. 467, ¶ 6 (2009).  In pertinent part, the VPA provides: "[T]he legislature shall not have the power to repeal an initiative measure approved by a majority of the votes cast thereon and shall not have the power to repeal a referendum measure decided by a majority of the votes cast thereon."  Ariz. Const. art. IV, pt. 1, § 1(6)(B).  As an additional restraint, the VPA prohibits the legislature from amending a voter-approved measure "unless the

3

amending legislation furthers the purposes of such measure and at least three-fourths of the members of each house of the legislature . . . vote to amend such measure." Ariz. Const. art. IV, pt. 1, § 1(6)(C).

¶8 Prior to the VPA's adoption, legislators possessed the authority, by a majority vote, to amend or repeal any ballot measure, but only if passed at the polls by less than a majority of total registered voters in the state. *Brewer*, 221 Ariz. 467, ¶ 7. Proponents of the measure "were concerned that the legislature was abusing its power to amend and repeal voter-endorsed measures." *Id.*; *see also Cave Creek Unified Sch. Dist. v. Ducey*, 231 Ariz. 342, ¶ 9 (App. 2013) ("[T]he principal purpose of the VPA is to preclude the legislature from overriding the intent of the people."). As a consequence of this law, "voter-approved measures are now superior to enactments of the legislature in that they cannot be repealed by legislative act, and they cannot be easily amended." *Cave Creek Unified Sch. Dist.*, 231 Ariz. 342, ¶ 9.

¶9 As they did below, Appellants maintain the VPA applies to municipalities such as the Town and, thus, its safeguards extend to local propositions. Therefore, they argue, the Town violated the VPA through its repeal of the Propositions here. In response, the Town asserts that the VPA solely restricts the State Legislature and does not implicate local government measures.

¶10 When interpreting a constitutional provision, "[w]e look first to the language of the provision, for if the constitutional language is clear, judicial construction is neither required nor proper." *Perini Land & Dev. Co.*, 170 Ariz. at 383; *see also Jett v. City of Tucson*, 180 Ariz. 115, 119 (App. 1994) ("If the language is clear and unambiguous, we generally must follow the text of the provision as written."). This court "give[s] terms their ordinary and commonly accepted meaning, unless the legislature has provided a specific definition." *JH2K I LLC v. Ariz. Dep't of Health Servs.*, 246 Ariz. 307, ¶ 9 (App. 2019).

¶11 Appellants contend that because the VPA electorate "clearly disapproved of the Legislature having the ability to immediately repeal a law adopted by the electorate," these same voters would also object to a municipal council taking the same action. Thus, they argue, a broader VPA interpretation would effectuate the voters' intent.[1]

---

[1]"Historically, the Arizona Supreme Court [has] said the primary objective in interpreting a voter-enacted law is to effect the voters' intent."

¶12   The VPA discusses both "the veto power of the governor" and the "Legislature's power" regarding an "initiative or referendum." Ariz. Const. art. IV, pt. 1, § 1(6). In describing the legislature's authority, the VPA refers to the "members of each house of the legislature." Ariz. Const. art. IV, pt. 1, § 1(6)(C), (D). While the VPA itself does not define "Legislature," *see* Ariz. Const. art. IV, pt. 1, § 1(6), a prior subsection within the same section of the Arizona Constitution provides that the legislature consists "of a senate and house of representatives." Ariz. Const. art. IV, pt. 1, § 1(1); *see also Fann v. State*, 251 Ariz. 425, ¶ 60 (2021) ("[T]he meaning of words in our constitution must be drawn from the context in which they are used and considered in light of the document as a whole."). Defining "Legislature" to include city or town councils, which lack a senate and house of representatives, would not constitute an "ordinary" or "commonly accepted meaning" of the term. *JH2K I LLC*, 246 Ariz. 307, ¶ 9. Accordingly, the VPA's language is clear and unambiguous—it is directed at the bicameral state legislature, not "local councils."

¶13   While Appellants contend that extending the VPA's authority to local councils would be in accord with the voters' underlying policy goal, we must interpret the provisions "as they are written," and we decline to rewrite them to achieve any unstated outcome. *Ariz. Free Enter. Club v. Hobbs*, 253 Ariz. 478, ¶ 38 (2022) (courts "are constrained from rewriting the law under the guise of interpreting it even if we divine a more desirable intended outcome than the text allows"). The clear and unambiguous language of the VPA renders it inapplicable to the Payson Town Council. *See S. Ariz. Home Builders Ass'n*, 254 Ariz. 281, ¶ 16. Given this conclusion and Appellants' concession that such a determination would preclude them from relief, we need not reach Appellants' remaining arguments. *See Wolk v. Nichols*, 117 Ariz. 352, 352 (1977).

---

3 *SL Fam., LLC v. State*, 258 Ariz. 523, ¶ 14 (App. 2024). But "a majority of the members of the current Arizona Supreme Court now reject discern[ing] and giv[ing] effect to legislative intent as the goal of statutory interpretation." *Id.* (alteration in *3 SL Fam., LLC*) (quoting *State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, ¶¶ 23-36 (2023) (quoting *Ariz. Dep't of Revenue v. Action Marine*, 218 Ariz. 141, ¶ 10 (2008))). "Arizona courts use the same interpretive approach for a voter-enacted statute as for a legislature-enacted statute." *Id.*

**Disposition**

**¶14**     For the foregoing reasons, we affirm the trial court's judgment.